Paul J. Dierdorf, Esq. Informal Opinion Town Attorney No. 97-22 Town of Pamelia 10 Academy Street Watertown, New York 13601
Dear Mr. Dierdorf:
You have asked whether a person may serve simultaneously as county legislator and as a member of a town planning board of a town located in that county.
In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is Peopleex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
We are unaware of any statutory prohibition on serving simultaneously as county legislator and as member of a town planning board. See, County Law § 411.
A county legislator is a member of the legislative body of the county, which is responsible for the passage of local legislation and the development of policy on behalf of the county.
The town planning board has responsibility for the development of the master plan which forms the basis for development in the town. Town Law § 272-a. Additionally, the planning board may be given the responsibility to approve site plans and subdivision plans. Id.§§ 274-a, 276. Generally, the town planning board plays an integral role in the application of land use planning and zoning regulations of the town.
In our view, the position of county legislator is compatible with membership on a town planning board. The county legislature has no direct role regarding a town's zoning and land use planning regulations and, therefore, we see no disqualifying conflict of duties between the two positions.
We note, however, that under section 239-b of the General Municipal Law, a county legislative body has broad authority to participate in establishing and structuring county, metropolitan or regional planning boards. Under that provision, a county legislative body may be given authority to make appointments to a county, metropolitan or regional planning board.
Under section 239-m of the General Municipal Law, certain actions taken by agencies, including town planning boards, of localities within the county, metropolitan or regional area are subject to review by county, metropolitan or regional planning boards, and if that body recommends modification or disapproval of a proposed action, the referring body may not act contrary to that recommendation except by a super-majority vote. General Municipal Law § 239-m. We note that while a member of any municipal board, bureau, commission or legislative body may serve as a member of a county, metropolitan or regional planning board, such member must recuse him or herself from any vote as a member of that board if the subject of the vote is a proposal, application or vote of the municipal board of which he or she is also a member. Id.
In our view, while the two positions are compatible, a member of a county legislative body, which is authorized to appoint members to a county, metropolitan or regional planning board, and who also serves as a member of a town planning board, should recuse himself or herself from the appointment process. This will ensure that the county legislator will not vote for or against any member of the county, metropolitan or regional planning board who could then review the decisions of the town planning board of which the county legislator is a member. This preserves the integrity of government by avoiding any appearance of a conflict of interests. Recusal from the appointment process is also consistent with the legislative policy noted above regarding persons who are members of both local agencies and county, regional or metropolitan planning boards.
We conclude that the positions of county legislator and member of a town planning board of a town in the county are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions